437 A.2d 1162

**COMMONWEALTH of Pennsylvania,**

v.

**Paul R. OBLEK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1981.

Decided Dec. 17, 1981.

Louis C. Johanson, Philadelphia, court-appointed, for appellant.

Robert B. Lawler, Chief, Appeals Div., Denis Cohen, Philadelphia, for the Commonwealth.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant Paul Oblek fatally stabbed his father and was charged with murder, voluntary manslaughter, involuntary manslaughter, robbery and related weapons offenses. Appellant was tried and convicted of murder of the third degree before the Honorable Bernard J. Goodheart, sitting without a jury. The Commonwealth nolle prossed the robbery and weapons bills. Following the denial of post-verdict motions, appellant was sentenced to a term of imprisonment of five to twenty years, the execution of which was suspended under sections 304 and 401 of the Mental Health Procedures Act and the appellant was committed to the Farview State Hospital.

On appeal, appellant argues that the M'Naghten Rule now governing the plea of "not guilty by reason of insanity" is no longer a viable standard in light of advances in the field of

psychiatry. The M'Naghten rule was adopted as the law of this Commonwealth in *Commonwealth v. Mosler*, 4 Pa. 264 (1846). We have repeatedly declined requests to abrogate the rule and once again decline. *See e. g., Commonwealth v. Harper*, 479 Pa. 42, 387 A.2d 824 (1978); *Commonwealth v. Tomlinson*, 446 Pa. 241, 284 A.2d 687 (1971) (overruled on other grounds); *Commonwealth v. Melton*, 406 Pa. 343, 178 A.2d 728 (1962) *cert. denied* 371 U.S. 851, 83 S.Ct. 93, 9 L.Ed.2d 87 (1962); *Commonwealth v. Tyrrell*, 405 Pa. 210, 174 A.2d 852 (1961); *Commonwealth v. Woodhouse*, 401 Pa. 242, 164 A.2d 98 (1960); *Commonwealth v. Novak*, 395 Pa. 199, 150 A.2d 102 (1959).

Appellant also argues that the evidence was insufficient to support a conviction of murder of the third degree in that appellant's mental condition precluded a finding of malice. After a thorough review of the record, we conclude that appellant's argument is devoid of merit.

Judgment of sentence affirmed.